**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES H.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-316

Newman, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff James H. filed this Social Security appeal to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the reasons provided below, it is recommended that the Administrative Law Judge (ALJ)'s decision be REVERSED and REMANDED, because it is not supported by substantial evidence.

**I. Summary of Administrative Record**

On December 14, 2022, Plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on March 31, 2021. Plaintiff's claim was denied initially and on reconsideration.

On November 14, 2024, Plaintiff appeared with counsel and testified at a telephonic hearing before ALJ Marcus Johns. A vocational expert also appeared and testified. On December 10, 2024, the ALJ issued an adverse written decision, concluding

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

that Plaintiff was not disabled. The Appeals Council declined further review, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff then filed this judicial appeal.

Plaintiff was born in 1991 and was 31 years old on the date his application was filed. (Tr. 27). He has at least a high school education, no past relevant work, and had not engaged in substantial gainful activity since the application date. (Tr. 18, 27).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity; degenerative disc disease; sacroiliitis; osteoarthritis right knee; varicose veins of the bilateral lower extremities; and bipolar disorder." (Tr. 18). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 18). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform light work subject to the following exceptions:

> never climbing ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; frequently balance; avoid concentrated exposure hazards as defined in the SCO of the DOT. The claimant can understand, remember, and carry out simple instructions; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; can deal with occasional interaction with the public, coworkers, and supervisors; can deal with occasional changes in a routine work setting.

(Tr. 20-21). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of hand packager, mail clerk, and garment folder. (Tr. 27). The ALJ concluded that Plaintiff was not disabled since December 14, 2022, the date his application was filed. (Tr. 28).

In formulating the RFC, the ALJ considered the prior administrative medical findings of the state agency consultants. (Tr. 26). At the initial level, Leon Hughes, M.D. and Michelle Hoy-Watkins, Psy.D. reviewed Plaintiff's application, summarized the relevant medical and mental-health evidence, and noted that Plaintiff filed a prior disability application, which was denied on April 2, 2021 by ALJ Heidi Southern. (*See* Tr. 105-08, 118). Hughes and Hoy-Watkins found that the current evidence was consistent with the April 2, 2021 ALJ determination and adopted the RFC finding that Plaintiff could perform light work, subject to the following limitations:

> (1) frequently balancing; (2) occasionally climbing ramps and stairs, stooping, kneeling, and crouching; (3) never climbing ladders, ropes, or scaffolds, or crawling; (4) occasional overhead reaching with the bilateral upper extremities; (5) no exposure to unprotected heights or moving mechanical parts; (6) performing unskilled simple, routine, and repetitive tasks; (7) no work at a production-rate pace (e.g., assembly line work) but can perform goal-oriented work (e.g., office cleaner); (8) occasional contact with coworkers and supervisors; (9) no teamwork or tandem tasks; (10) no over-the-shoulder supervision; (11) supervisory criticism should be presented in a positive and supportive manner; and (12) no more than occasional changes in an otherwise routine work environment.

(Tr. 109-11). On February 29, 2024, Ken Lovoko, Ph.D. and Dr. Gerald Kylop affirmed at the reconsideration level. (Tr. 115-123).

The ALJ was "in no way persuaded" by the RFC capacity assigned by the state-agency physicians and psychologists, reasoning that they "made no discussion of the current medical evidence contained within the record." (Tr. 26). The ALJ determined that they were instead based upon the prior medical record underlying the April 2, 2021 ALJ decision and inconsistent with Plaintiff's current severe impairments and medical imaging. With respect to the psychologists determination that Plaintiff had moderate limitations, the ALJ found that their findings were consistent with the overall record despite containing little explanation. (*Id.*).

In this case, Plaintiff contends that the ALJ erred in evaluating the prior administrative medical findings of the state agency consultants for supportability, as required by 20 C.F.R. § 416.920c. (Doc. 8).

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from

> the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 139 S. Ct.1148, 1154 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is not Supported by Substantial Evidence.**

Plaintiff argues that the ALJ committed reversible error in evaluating the prior administrative medical findings of the state agency reviewing consultants for

"supportability." (Doc. 8). Specifically, Plaintiff contends that the ALJ found the opinions unpersuasive based on the erroneous finding that the consultants failed to consider the current record and otherwise failed to properly assess the supportability of their opinions. The undersigned agrees.

Current regulations require the ALJ to determine the persuasiveness of each prior administrative medical finding or other medical opinion based upon a list of factors, the most important of which are "supportability" and "consistency." *See* 20 C.F.R. § 404.1520c(b)(2). Supportability focuses on the provider's explanations for his or her opinions, including whether the opinions are supported by relevant objective medical evidence (such as lab results or imaging studies) or other supporting explanations. *See* 20 C.F.R. § 416.920c(c)(1). Consistency is defined as the extent to which an opinion or finding is consistent with evidence from other medical or nonmedical sources. 20 C.F.R. § 416.920c(c)(2). The ALJ may also consider (but is not required to articulate) additional factors: a medical source's specialization and elements of the relationship the medical source has with the claimant, including the length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship. 20 C.F.R. § 404.1520c(c)(3)-(5).

In formulating Plaintiff's RFC in this case, the ALJ found the residual functional capacity and mental residual functional capacities assigned by the state agency physicians and psychologists unpersuasive. The ALJ explained his reasoning, noting that "[t]hey were based entirely on the prior medical record and made no discussion of the current medical evidence contained within the record." (Tr. 26). On this basis, the ALJ found the agency RFCs were not consistent with Plaintiff's current severe impairments or medical imaging. The ALJ further determined that the opinions "were not supported by

the claimant's recent physical examinations, mental examinations, or treatment history." (*Id.*).

However, contrary to the ALJs' decision and as argued by Plaintiff, the state agency consultants explicitly considered the entire record before them, including the evidence after ALJ Southern's April 4, 2021 prior disability decision. For example, Hughes and Hoy-Watkins summarized the evidence underlying their RFC determination at the initial level, which spanned from February 2, 2022 through March 8, 2023. (Tr. 106-108). Contrary to the ALJs findings, the consultants at the reconsideration level similarly considered and analyzed evidence of record in 2023. (Tr. 116-17). The consultants expressly recounted the current treatment records, mental status findings, and activities of daily living before concluding that the evidence supported adoption of the prior RFC. The ALJ therefore erroneously determined that the state agency consultant's RFC were entirely based upon the prior medical record and found them unpersuasive on this basis.[2]

The ALJ otherwise failed to properly assess the supportability of the state agency findings required by 20 C.F.R. § 416.920c(c)(1). As noted above, the ALJ determined that the consultants' RFC was "not supported by the Plaintiff's recent physical exams, mental

---

[2] The state agency consultants indicated that they were adopting the prior ALJ's RFC based on the *Drummond* ruling and AR 98-4, the acquiescence ruling in response to it. (Tr. 118). In *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 842. In 2018—prior to the consultants RFC determination here—the Sixth Circuit clarified that in considering an application for disability for a later, distinct period of time, "each application is entitled to review" and the subsequent ALJ may treat the prior ruling as a "legitimate, albeit not binding, consideration in reviewing a second application." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018). On December 2, 2024, AR 98-4(6) was rescinded and replaced with AR 24-1(6) based on the *Earley* decision. In this case, although the state consultants stated that the prior ALJ determination was being adopted based on AR 98-4 and *Drummond*, their analysis reflects that they considered the entire record before them and adopted the same RFC after concluding that the current evidence was consistent with the prior ruling. In other words, the consultants analysis indicates that it undertook the proper evaluation of Plaintiff's claim, as contemplated by *Earley* and AR 24-1, and did not base their decision entirely on the prior record as found by the ALJ.

examinations, or treatment history." (Tr. 26). However, as argued by Plaintiff, comparing the consultants' opinions to the record as a whole or to subsequent records is a consistency analysis, and does not satisfy evaluating the supportability of the opinions. *See Deanna B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-604, 2024 WL 445391, at *4 (S.D. Ohio Feb. 6, 2024) ("To analyze the supportability factor required by 20 C.F.R. § 404.1520c(c)(1), the ALJ was required to consider the psychological consultants' own supporting explanations and summaries of the evidence. However, the ALJ's reference to 'the record' appears to mean evidence in the record from other medical and nonmedical sources, which is considered under the consistency factor."); *Thomas A. v. Comm'r of Soc. Sec.*, No. 2:24-cv-4200, 2025 WL 3470081, at *4 (S.D. Ohio Dec. 3, 2025) (noting that "supportability" factor concerns an opinion's reference to diagnostic techniques, data/analysis, and other objective medical evidence and the extent to which a medical source's own objective findings and supporting explanations substantiate or support the opinion). And even if the ALJ provided a sufficient consistency analysis,[3] this does not excuse error in assessing supportability. *See Amy B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-486, 2023 WL 2445306, at *4 (S.D. Ohio Mar. 10, 2023) ("Consistency and

---

[3] In this regard, Defendant argues that "the ALJ explained that the prior administrative findings were not supported by recent physical examination findings, mental status examination findings, or treatment history. (Tr. 26). In other words, the ALJ also considered the persuasiveness of these prior administrative findings by comparing them to the record as a whole, including records after the prior ALJ decision." (Doc. 10 at PageID 1011).

Defendant also claims that review of the record provides substantial evidence to support the ALJ's overall decision. (*Id.* at PageID 1011-13). However, "[t]his Court cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an ***accurate*** and logical bridge between the evidence and the result." *See Rachelle K. v. Comm'r of Soc. Sec.*, No. 2:25-cv-588, 2026 WL 1998338, at *5 (S.D. Ohio July 10, 2026) (emphasis added) (quotation marks and citation omitted). The ALJ found the consultants' RFC unpersuasive based on an erroneous factual determination and failed to adequately address the supportability factor in this case. Although Defendant provides citations to evidence in support of the overall decision, the Court "may not rely on *post hoc* arguments to find that the ALJ's decision properly evaluated the supportability factor." *Thomas A.*, 2025 WL 3470081, at *6.

supportability are separate inquiries, and simply discussing whether an opinion is consistent with the record does not satisfy the requirement that an ALJ also evaluate, and articulate, how well it is supported by the medical evidence and other evidence."); *Whalen v. Comm'r of Soc. Sec.*, No. 1:24-cv-10928, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand.").

In sum, the undersigned finds that the ALJs erroneously determined that the state agency consultants' RFC was based entirely on the prior record, with no discussion of the current evidence. Because the ALJ found the opinions unpersuasive on that basis and otherwise failed to properly assess the supportability of the opinions, the decision is not supported by substantial evidence. *See Marian H. v. Comm'r of Soc. Sec.*, No. 3:24-cv-050, 2025 WL 750329, at *4 (S.D. Ohio Mar. 10, 2025) (finding the ALJ's supportability and consistency determination was not supported by substantial evidence based on the ALJ's mischaracterization of evidence); *Sabrina Z. v. Comm'r of Soc. Sec.*, No. 2:22-cv-2458, 2022 WL 17250492, at *6 (S.D. Ohio Nov. 28, 2022) (same). Because the error in this case is not harmless,[4] remand is warranted.

**III. Conclusion and Recommendation**

A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. See *Faucher v. Secretary of Health and*

---

[4] As acknowledged by Defendant, the consultants' RFC contained some mental limitations that were potentially outcome determinative based on the vocational expert's testimony. (*See* Doc. 10 at PageID 1012-13). Specifically, the consultants' RFC included the limitation that supervisory criticism should be presented in a positive and supportive manner. (Tr. 109, 111). This limitation was not included in the ALJ's RFC in this case and the vocational expert testified that an individual with this limitation would be precluded from working. The vocational expert testified that an individual with this limitation would require a sheltered work environment, which is inconsistent with full-time competitive employment. (Tr. 61).

*Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. Here, all essential factual issues have not been resolved, nor does the current record adequately establish Plaintiff's entitlement to benefits. *Faucher*, 17 F.3d at 176.

For the reasons provided above and because the ALJ's supportability determination was not supported by substantial evidence, **IT IS RECOMMENDED THAT** the decision be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-316

Newman, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).